UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

TRUSTEES of the LOCAL 1034 PENSION TRUST     :
FUND,     :
    :
                  Plaintiffs,     :      No.: _____
    :
        - against -     :
    :
N. CANCRO, INC. d/b/a N. CANCRO FUNERAL     :
HOME INC.; XYZ CORPORATIONS 1-10; and     :
JOHN AND JANE DOES 1-10,     :
    :
                 Defendants.     :
    :

-------------------------------------------------------------------X

## COMPLAINT

Plaintiffs, the Trustees (the "Trustees") of the Local 1034 Pension Trust Fund (the "Fund"), by and through their undersigned counsel, bring this action against Defendants N. Cancro Inc. d/b/a N. Cancro Funeral Home Inc. ("Cancro"), fictitious entities XYZ Corporations 1-10, and fictitious individuals John and Jane Does 1-10, and allege as follows:

### I.  INTRODUCTION

1.  This is an action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") to recover statutorily prescribed withdrawal liability arising out of the cessation of Cancro's obligation to contribute to the Fund as of June 30, 2017.

2.  Pursuant to ERISA § 4301, 29 U.S.C. § 1451, the Trustees, on behalf of the Fund, seek to recover Cancro's allocated share of the Fund's unfunded vested benefits, liquidated damages, interest, and attorneys' fees and costs.

## II. JURISDICTION AND VENUE

3.      This Court has personal jurisdiction over the Defendants because Cancro, and upon information and belief, XYZ Corporations 1-10 and John and Jane Does 1-10, reside and do business in the State of New York.

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Trustees are fiduciaries of the Fund who seek relief pursuant to ERISA § 4301, 29 U.S.C. § 1451.

5.      Venue is proper in the Eastern District of New York pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d), because the Fund is administered in this District.

## III. PARTIES

6.      The Fund is an employee benefit plan within the meaning of ERISA §§ 3(1) to (3) and 502(d)(1), 29 U.S.C. §§ 1002(1) to (3) and 1132(d)(1), and a multi-employer plan within the meaning of ERISA §§ 3(37) and 515, 29 U.S.C. §§ 1002(37) and 1145. The Fund is administered from 45-18 Court Square, Suite 600, Long Island City, New York 11101-4347.

7.      Plaintiffs are the Trustees of the Fund, and bring this action in their capacities as fiduciaries pursuant to ERISA §§ 3(21) and 4301(a)(1), 29 U.S.C. §§ 1002(21) and 1451(a)(1).

8.      Defendant Cancro is a for-profit domestic corporation having its principal place of business at 104 4th Street, New Rochelle, New York 10801.

9.      Defendants XYZ Corporations 1-10 are fictitious entities whose identities are not currently known to the Plaintiffs, but who, upon information and belief, were trades or businesses under common control with Cancro within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

2

10.     Defendants John and Jane Does 1-10 are fictitious individuals whose identities are not currently known to the Plaintiffs, but who, upon information and belief, were sole proprietorships under common control with Cancro within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

### COUNT I

#### Withdrawal Liability Owed by Cancro to the Fund
#### Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

11.     Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

12.     Cancro was party to a collective bargaining agreement (the "CBA") with the International Brotherhood of Teamsters, Local Union No. 813 (the "Union"), with respect to which the Fund is a third-party beneficiary. Pursuant to the CBA, Cancro was required to remit contributions to the Fund on behalf of those employees covered by the CBA.

13.     By letter dated December 19, 2017, the Fund informed Cancro that, effective immediately, it disclaimed any interest in representing Cancro's employees, thereby effecting a complete withdrawal from the Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a).

14.     In accordance with ERISA § 4219(b)(1) and (c)(1), 29 U.S.C. § 1399(b)(1) and (c)(1), by certified letter dated June 14, 2018, a true and correct copy of which is attached as **Exhibit A**, the Fund notified Cancro that it had effectuated a complete withdrawal from the Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a) as of June 30, 2017, and that its allocated share of the unfunded vested liabilities of the Fund was $200,567, which amount was payable in 240 monthly installments of $316 commencing on or before August 14, 2018.

15.     After having not received the demanded payment, in accordance with ERISA § 4219(c)(2) to (6), 29 U.S.C. § 1399(c)(2) to (6), by certified letter dated August 16, 2018, a

3

true and correct copy of which is attached as **Exhibit B**, the Fund notified Cancro that it was in default of its obligation to pay withdrawal liability, and offered it an opportunity to cure the default within sixty (60) days. The letter also notified Cancro that if it failed to timely cure the default, the Fund would elect to accelerate Cancro's withdrawal liability and to assess interest on the total outstanding liability.

16.     After having not received the demanded payment within sixty (60) days, by certified letter dated October 19, 2018, a true and correct copy of which is attached as **Exhibit C**, the Fund notified Cancro that it had failed to cure its default, and that the entire amount of its withdrawal liability, along with accrued interest, which amount totaled $203,287.02, was immediately due and owing.

17.     Cancro has failed to remit any amounts in satisfaction of the withdrawal liability assessed by the Fund and has failed to request a review or initiate arbitration within the timeframes set forth in ERISA § 4221(a), 29 U.S.C. § 1401(a).

18.     Because Cancro has failed to initiate arbitration proceedings in accordance with the statute, pursuant to ERISA § 4221(b)(1), 29 U.S.C. § 1401(b)(1), it is liable to pay the accelerated amount of its withdrawal liability.

19.     Plaintiffs demand judgment against Cancro for $200,567 for its allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

## COUNT II

### Controlled Group Liability Owed by XYZ Corporations 1-10 to the Fund
### Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

20.     Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

4

21.     As of June 30, 2017, fictitious entities XYZ Corporations 1-10 were trades or businesses under common control with Cancro within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

22.     As such, XYZ Corporations 1-10 are jointly and severally liable with Cancro for the withdrawal liability resulting from Cancro's complete withdrawal from the Fund.

23.     Plaintiffs demand judgment against XYZ Corporations 1-10 for $200,567 for Cancro's allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

## COUNT III

### Controlled Group Liability Owed by John and Jane Does 1-10 to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

24.     Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

25.     As of June 30, 2017, fictitious individuals John and Jane Does 1-10 were sole proprietorships under common control with Cancro within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

26.     As such, John and Jane Does 1-10 are jointly and severally liable with Cancro for the withdrawal liability resulting from Cancro's complete withdrawal from the Fund.

27.     Plaintiffs demand judgment against John and Jane Does 1-10 for $200,567 for Cancro's allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

Dated:  December 28, 2018
        Newark, New Jersey

**PROSKAUER ROSE LLP**

By:     */s/ Neil V. Shah*
        _____
        Neil V. Shah

One Newark Center
1085 Raymond Boulevard
Newark, New Jersey 07102
(973) 274-3205
nshah@proskauer.com

Anthony S. Cacace
Eleven Times Square
New York, NY 10036
(212) 969-3307
acacace@proskauer.com

*Counsel for the Plaintiffs*

6